# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TRUSTEES OF THE OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

      Plaintiffs,

  v.                                                Civil Action 2:17-cv-141
                                                      Judge George C. Smith
                                                      Magistrate Judge Jolson

ANTHONY GIORDANO,

      Defendant.

## REPORT AND RECOMMENDATION

This is an action, initiated on February 17, 2017, for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. (*See* Doc. 1). Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132. Defendant Anthony Giordano doing business as Anthony Giordano Construction ("Defendant"), was served with a summons and a copy of the complaint by certified mail on February 17, 2017 (Doc. 2), but has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default (Doc. 6), and the Clerk entered default pursuant to Federal Rule Civil Procedure 55(a) on April 25, 2017 (Doc. 7).

On May 18, 2017, this Court issued an Order noting that Plaintiffs had obtained an entry of default, but they had not filed a motion for a default judgment or requested a hearing or trial on the issue of damages. (Doc. 8). Thus, the Court directed Plaintiffs to show cause within fourteen days why this action should not be dismissed. (*Id.* at 2). Plaintiffs responded on June 1,

2017 (Doc. 10), and simultaneously filed a Motion for Default Judgment against Defendant under Fed. R. Civ. P. 55. (Doc. 9). The Court finds Plaintiffs have set forth good cause and shall consider the pending Motion.

"Following the clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the party's application for default under Rule 55(b), 'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *Bogard v. Nat'l Credit Consultants*, No. 1:12 CV 02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013) (citing *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–cv–0298, 2010 WL 3341566, at *1 (E.D. Cal. Aug.23, 2010)). Accordingly, Plaintiffs allegations that Defendant Anthony Giordano is (and was) the alter ego of, and a single employer with, non-party Mason Anthony Construction, LLC is taken as true. However, as noted above, Plaintiffs bear the burden of establishing damages. *Id.*

This case is unique, however, in that this Court has already entered judgment against non-party Mason Anthony Construction, LLC for the very same damages sought here. In *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Mason Anthony Constr., LLC*, No. 2:14-cv-2248, Judge Marbley entered an order of default judgment for:

> the sum of Twenty-Eight Thousand Forty-Five Dollars and Thirty-Four Cents ($28,045.34), including unpaid fringe benefit contributions through August, 2014, and prejudgment interest and liquidated damages, plus attorneys' fees of Two Thousand Three Hundred Fifty-Eight Dollars and Seventy-Five Cents ($2,358.75), plus interest from the time of judgment at the rate of 1 % per month, and the costs of this action.

No. 12:14-cv-2248, Doc. 10. Accordingly, Plaintiffs have provided evidentiary support as to their damages and included an affidavit swearing Defendant is not a minor, incompetent person, member of the armed services, or officer or agency of the United States. (*See* Doc. 9-1). Plaintiffs are therefore entitled to judgment.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 9), be **GRANTED**. It is **FURTHER RECOMMENDED** that the Clerk enter judgment against Defendant Anthony Giordano and that Plaintiffs Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover in the amount of Twenty-Eight Thousand Forty-Five Dollars and Thirty-Four Cents ($28,045.34), including unpaid fringe benefit contributions through August, 2014, and prejudgment interest and liquidated damages, plus attorneys' fees of Two Thousand Three Hundred Fifty-Eight Dollars and Seventy-Five Cents ($2,358.75), plus interest from the time of judgment at the rate of 1 % per month, and the costs of this action.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: June 8, 2017                                  /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE